IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | Criminal No. 3:16-CR-525-D |
| | § | |
| WILLIAM LAURENCE STANLEY, | § | |
| | § | |
| Defendant. | § | |

MEMORANDUM OPINION
AND ORDER

The government's November 16, 2017 motion to provide a copy of defendant's objections to the presentence report to the victim company is granted on the condition that any disclosure to any attorney or representative of the victim company is made under the terms of a court-approved protective order that prevents further disclosure of defendant's objections.[1]

Reduced to its essence, defendant William Laurence Stanley's ("Stanley's") principal objection to the government's motion is that the government is seeking yet another opportunity to establish the loss amount to Generational Equity, which will impact Stanley's advisory guideline range and the sentence itself. He cites no authority, however, for the premise that there is a pre-sentencing cutoff after which a party is precluded from presenting information pertinent to sentencing.[2] And Stanley's assertion that "[t]he evidence in this case is now closed," Mot. at 2, is

---

[1]Under § 205(a)(5) of the E-Government Act of 2002 and the definition of "written opinion" adopted by the Judicial Conference of the United States, this is a "written opinion[] issued by the court" because it "sets forth a reasoned explanation for [the] court's decision." It has been written, however, primarily for the parties, to decide issues presented in this case, and not for publication in an official reporter, and should be understood accordingly.

[2]While the sentencing judge presumably is authorized to establish such a reasonable pre-sentencing deadline, none has been set in this case. The deadlines in the sentencing scheduling order

at odds with U.S.S.G. § 6A1.3 (Nov. 1, 2016 Manual), the policy statement that addresses "Resolution of Disputed Facts."[3]

Section 6A1.3 provides:

> (a) When any factor important to the sentencing determination is reasonably in dispute, the parties shall be given *an adequate opportunity* to present information to the court regarding that factor. In resolving any dispute concerning a factor important to the sentencing determination, the court may consider relevant information without regard to its admissibility under the rules of evidence applicable at trial, provided that the information has sufficient indicia of reliability to support its probable accuracy.
>
> (b) The court shall resolve disputed sentencing factors at a sentencing hearing in accordance with Rule 32(i), Fed. R. Crim. P.

U.S.S.G. § 6A1.3 (Nov. 1, 2016 Manual) (emphasis added). In fact, Fed. R. Crim. P. 32(i)(2) contemplates that the sentencing judge may permit the parties to introduce evidence on objections as late as the sentencing hearing itself. *See id.* ("The court may permit the parties to introduce evidence on the objections.").[4]

---

relate to such matters as disclosing the presentence report, objecting to the presentence report, furnishing revisions or an addendum to the presentence report, and objecting to an addendum to the presentence report.

[3]It is also questionable whether a cutoff set unreasonably in advance of the sentencing hearing—and that impinges on the rights of crime victims—would survive scrutiny under 18 U.S.C. § 3771. *See* U.S.S.G. § 6A1.5 (Nov. 1, 2016 Manual) ("In any case involving the sentencing of a defendant for an offense against a crime victim, the court shall ensure that the crime victim is afforded the rights described in 18 U.S.C. § 3771 and in any other provision of Federal law pertaining to the treatment of crime victims.").

[4]Stanley's objection does not cite a single supporting authority. The court therefore has made no attempt on its own to research and set out every authority that supports granting the government's motion under the terms of this order.

To the extent that Stanley complains that the government is seeking to disclose *sealed* objections, he has not established why a protective order that prevents further disclosure of defendant's objections by any attorney or representative of the victim company would not be sufficient to address this concern. Moreover, the objections are of a type that are sure to be disclosed during the public sentencing hearing.

Accordingly, the government's motion to provide a copy of defendant's objections to the presentence report to the victim company is granted on the condition that any disclosure to any attorney or representative of the victim company is made under the terms of a court-approved protective order that prevents further disclosure of defendant's objections. The government must promptly submit for court approval a proposed form of protective order.

**SO ORDERED**.

December 12, 2017.

_____
SIDNEY A. FITZWATER
UNITED STATES DISTRICT JUDGE